UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dominique B., D.L.F., Jr., and Dontay C., | Case No. 25-cv-4727 (DJF) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Social Security Administration, or other filing departments, | |
| Defendant. | |

Plaintiffs Dominique B., D.L.F., Jr., and Dontay C. are the named Plaintiffs in this action, identifying the Social Security Administration as the sole Defendant and asserting unlawful disruptions with their public assistance. (ECF No. 1.) While there are three named Plaintiffs to this lawsuit, only Dominique B. signed the Complaint and submitted an application to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 2.) Because Dominique B. filed an IFP application, the Complaint is subject to preservice review pursuant to 28 U.S.C. § 1915(e). *See Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). For the reasons given below, the Court recommends that this action be dismissed without prejudice and Dominique B.'s IFP application be denied as moot.

The Complaint is fatally deficient in several ways. First, Dominique B. is the only Plaintiff named in this action who signed the Complaint. Because Plaintiffs are proceeding *pro se*, Rule 11 of the Federal Rules of Civil Procedure requires each of them to sign "[e]very pleading, written motion, and other paper" filed with the Court. *See* Fed. R. Civ. P. 11(a); *see also Monroe v. Yankton Sioux Hous. Auth.*, Case No. 4:25-cv-04113-ECS, 2025 WL 1795824, at *2 (D.S.D. June

30, 2025); *Kunzer v. Doyscher*, Case No. 05-cv-2640 (JMR/AJB), 2006 WL 8444928, at *1 (D. Minn. July 10, 2006). Furthermore, Dominique B. is not an attorney. Thus, she cannot prosecute claims in federal court on behalf of anyone other than herself. *See* 28 U.S.C. § 1654. "Parents may litigate *pro se* if their minor child is denied social security benefits." *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020). But there is nothing in the Complaint to suggest that D.L.F., Jr., a minor, is Dominique B.'s child; nor is it clear whether Dominique B. is appealing the denial of D.L.F., Jr. or Dontay C's social security benefits. Accordingly, this action is subject to dismissal for failure to comply with Rule 11.

Second, this action must be dismissed because the Complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, a court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level" that "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Though the Complaint in this case implies the Plaintiffs' claims arise under 42 U.S.C. § 405(g) (ECF No. 1 at 2), it does not establish a plausible claim for relief under that statute. The Complaint does not, for example, "identify the final decision to be reviewed" or "state the

type of benefits claimed." *See* Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), Rule 2. And to the extent Plaintiffs seek to bring claims under any other statute or rule of law, the Complaint fails to identify any other federal cause of action. *See Bediako v. Stein Mart, Inc.*, 345 F.3d 835, 840 (8th Cir. 2004) (federal courts are not required to "divine the litigant's intent and create claims that are not clearly raised"). The Court therefore recommends that this matter be dismissed without prejudice for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and that Dominique B.'s request to proceed without prepayment of fees or costs be denied as moot.[1]

Finally, a federal court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *In re Tyler*, 839 F.2d 1290, 1292, 1293 (8th Cir. 1988) (quotation omitted). Federal litigation is not an impulse decision. If Plaintiffs believe they are entitled to judicial redress, Rule 11 requires them to ensure their claims are reasonably developed in fact and law. Failure to do so may result in the imposition of restrictions on their ability to initiate new litigation in this District, including restrictions against filing new lawsuits unless represented by a lawyer or a requirement that Plaintiffs obtain advance authorization from a judicial officer of this District before filing any new complaint.

---

[1] If Plaintiffs appeal the dismissal of this matter and request IFP status, the Court does not believe that such an appeal could be taken in good faith and recommends that IFP status be denied. *See* 28 U.S.C. § 1915(a)(3).

3

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. Plaintiff Dominique B.'s application to proceed *in forma pauperis* (ECF No. 2) be **DENIED** as moot.

Dated: January 6, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).